**Dated: December 6, 2022**

**The following is ORDERED:**



Sarah A Hall
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| VICKI J. HAMMONDS | ) | Case No. 21-13135-SAH |
| and JERRY V. HAMMONDS, | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| JOHN M. IRELAND | ) | |
| and JERI G. IRELAND | ) | |
| d/b/a IRELAND FUNDING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Adv. Pro. 22-01011-SAH |
| | ) | |
| VICKI J. HAMMONDS | ) | |
| and JERRY V. HAMMONDS, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO RECONSIDER WITH BRIEF IN SUPPORT
AND WITH NOTICE OF OPPORTUNITY FOR HEARING  [DOC. 70]**

Before the Court is the Motion to Reconsider with Brief in Support and with Notice of Opportunity for Hearing [Doc. 70] (the "Motion") filed by defendants/debtors, Vicki J.

Hammonds and Jerry V. Hammonds ("Debtors") on November 18, 2022, seeking reconsideration of the Court's Order on Plaintiff's [sic] Motion for Summary Judgment and Brief in Support, with Notice and Opportunity for Hearing [Doc. 43], [Doc. 54] (the "Order"). In particular, the Motion requests reconsideration of the Court's grant of summary judgment on Debtors' counterclaims for violations of the Fair Debt Collection Practices Act, tortious interference with a business relationship, and extinguishment of a fraudulent UCC Lien. For the reasons below, Debtors' Motion will be denied.

## PROCEDURAL BACKGROUND

1. Plaintiffs, John M. Ireland and Jeri G. Ireland (d/b/a Ireland Funding) ("Plaintiffs") filed their Amended Complaint to Determine Dischargeability of Debt [Doc. 29] on May 25, 2022.

2. On June 14, 2022, Debtors filed their Answer to Third Amended Complaint and Counterclaim [Docs. 37, 38] (the "Answer") asserting counterclaims for violations of the Fair Debt Collection Practices Act, tortious interference with a business relationship, and extinguishment of a fraudulent UCC Lien (the "Counterclaims"), all of which arose prepetition.

3. Plaintiffs filed Plaintiffs' Answer to Counterclaims of Defendants Vicki J. Hammonds and Jerry V. Hammonds [Doc. 42] (the "Answer to Counterclaims") on July 5, 2022, asserting as an affirmative defense Debtors' lack of standing since the Counterclaims were property of the estate.

4. On September 1, 2022, Plaintiffs filed Plaintiff's [sic] Motion for Summary Judgment and Brief in Support, with Notice and Opportunity for Hearing [Doc. 43] (the "Summary

    Judgment Motion"). In the Summary Judgment Motion, Plaintiffs again asserted Debtors lack standing to pursue the Counterclaims. Debtors filed Defendants' Objection to Plaintiffs' Motion for Summary Judgment [Doc. 44] (the "Summary Judgment Objection") on September 15, 2022, but did not address Plaintiffs' standing arguments.

5. On October 5, 2022, the Court entered its Order partially denying the Summary Judgment Motion, but granting summary judgment in favor of Plaintiffs and against Debtors on the Counterclaims.

6. As discussed at length in the Order, Debtors did, in fact, lack standing to bring the Counterclaims. Debtors failed to list the prepetition Counterclaims in their schedules and further failed to seek abandonment of those claims. Consequently, the Counterclaims belonged to Debtors' estate. Hafen v. Adams (In re Hafen), 616 B.R. 570, 579 (10th Cir. BAP 2020) (citing Section 554(c)). Only the trustee – as representative of the bankruptcy estate – has standing to prosecute actions belonging to the estate; thus, Debtors lacked standing to bring the Counterclaims. Cook v. Wells Fargo Bank (In re Cook), 520 F. App'x 697, 701 (10th Cir. 2013).

7. Following entry of the Order, on October 27, 2022, Debtors amended their schedules to include the Counterclaims [Bankruptcy Case No. 21-13135, Doc. 57] and filed a Motion to Abandon Property with Brief in Support and Notice and Opportunity for Hearing [Bankruptcy Case No. 21-13135, Doc. 56] which was granted on November 14, 2022.

8. On November 18, 2022, Debtors filed their Motion seeking reconsideration of the Court's Order granting summary judgment in favor of Plaintiffs and against Debtors on the

Counterclaims. Plaintiffs filed Plaintiff's [sic] Objection to Motion to Reconsider and Brief in Support Thereof [Doc. 75] on December 1, 2022.

**LEGAL CONCLUSIONS**

Debtors seek reconsideration of the Court's Order pursuant to Federal Rules of Civil Procedure 60(b)(2) and (6) (made applicable by Federal Rule of Bankruptcy Procedure 9024). Under Rule 60(b)(2) relief from a final order may be granted for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. P. 60(b)(2). To obtain relief from the Order under Rule 60(b)(2), Debtors must show: "1) the evidence was newly discovered since the [Court's] ruling on summary judgment, 2) [Debtors were] diligent in discovering the new evidence, 3) the evidence is not merely cumulative or impeaching, 4) the evidence is material, and 5) the evidence would probably produce a different result." Salazar v. McCormick (In re Crestview Funeral Home, Inc.), 347 B.R. 115 (10th Cir. BAP 2006) (citing Graham v. Wyeth Labs., 906 F.2d 1399, 1416 (10th Cir. 1990)); see also F.D.I.C. v. Arciero, 741 F.3d 1111, 1117 (10th Cir. 2013) (citing Dronsejko v. Thornton, 632 F.3d 658, 670 (10th Cir. 2011)). Factors one and two "require not only a showing that the evidence was not in the movant's possession before the court's order or judgment, but a showing that the movant could not have known of and obtained the evidence through diligence prior to the court's order." Am. Plastic Equip., Inc. v. Toytrackerz, LLC, 2010 WL 1284471, at *7 (D. Kan. Mar. 31, 2010) (citing Pappas v. Frank Azar & Assocs., P. C., 2008 WL 920132, at *2 (D. Colo. Apr. 3, 2008) (first citing Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289-90 (10th Cir. 2005); and then citing Webber v. Meford, 43 F.3d 1340, 1345 (10th Cir. 1994))).

Debtors assert the "[e]vidence that the [Debtors' Counterclaims] would be abandoned from the [Debtors'] bankruptcy estate was not known to either party when the court entered the Order or within the time allowed under Rule 59(b)." Motion, 2. The Court finds this claim to be frankly unbelievable. Debtors' own Motion admits they were aware (or should have been aware) of their Counterclaims when they filed their bankruptcy petition: "The [Counterclaims] are integral to the relief [Debtors] sought when they filed for bankruptcy protection." Motion, 2. At the very latest, Debtors were aware of their Counterclaims on June 14, 2022, when they filed their Answer. Debtors' contention this evidence is "newly discovered" is all the more unbelievable in light of Plaintiffs' arguments in both their Answer to Counterclaims and Summary Judgment Motion specifically pointing to Debtors' lack of standing due to failure to obtain abandonment of their claims. Debtors ignored Plaintiffs' standing arguments until Debtors lost on summary judgment and chose not to amend their schedules or obtain abandonment until over four months after first asserting they held the Counterclaims.

Debtors cannot satisfy the "high hurdle" required for relief under Rule 60(b) as they fail to satisfy the first two factors. Am. Plastic Equip., 2010 WL 1284471, at *7 (citing Zurich, 426 F.3d at 1289). Debtors have not, and cannot, prove they "could not have known of and obtained the evidence through diligence prior to the court's order" since the "evidence" of the Counterclaims and need for abandonment was well within Debtors' knowledge and control throughout the proceeding. Am. Plastic Equip., 2010 WL 1284471, at *7. Debtors first asserted the Counterclaims on June 14, 2022, and Plaintiffs filed the Summary Judgment Motion on September 1, 2022, two and a half months later. Had Debtors been properly diligent, they could have obtained abandonment well before the Summary Judgment Motion was even filed.

5

Debtors' failure to exercise due diligence is fatal to their request for reconsideration under Rule 60(b)(2). Flores v. U.S. Repeating Arms Co., 19 F. App'x 795, 800-01 (10th Cir. 2001) (citing Harris v. Illinois–California Express, Inc., 687 F.2d 1361, 1375 (10th Cir. 1982) (holding that failure to exercise due diligence precludes relief under Rule 60(b)(2))). Debtors are, therefore, not entitled to relief under Rule 60(b)(2).

Debtors are also not entitled to relief from the Order under Rule 60(b)(6), which provides relief from an order can be granted for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) relief is exclusive of the other enumerated subsections of Rule 60(b), 'is even more difficult to attain, and is appropriate only when it offends justice to deny such relief.'" Saggiani v. Strong, 718 F. App'x 706, 712 (10th Cir. 2018) (citing Zurich, 426 F.3d at 1293). Debtors made no argument under Rule 60(b)(6), and it was apparently included as a catch-all in case relief under Rule 60(b)(2) was denied. However, Debtors "cannot simply throw in subsection (6) without any new arguments and expect to obtain [relief]." Zurich, 426 F.3d at 1293. Debtors provided no grounds for the Court to consider under Rule 60(b)(6), much less grounds that demonstrate "an offense to justice," and the Court finds none. Debtors are, therefore, not entitled to relief under Rule 60(b)(6).

## CONCLUSION

Debtors failed to show they are entitled to relief under either Rule 60(b)(2) or (6). Therefore, Debtors' Motion is DENIED.

IT IS SO ORDERED.

# # #